```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    STATESVILLE DIVISION
                      5:09CV133-V-02
                       (5:03CR50-1-V)
                     (APPEAL NO. 09-4052)
```

| | | |
|---|---|---|
| **JAMADE BARSON JONES,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|    v. | ) | <u>ORDER</u> |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, And Correct Sentence under 28 U.S.C.§2255, filed November 30, 2006.

By the instant Motion to Vacate, Petitioner seeks to raise two challenges to the performance of his former defense attorney. However, the Court has reviewed the record of this matter and discovered that Petitioner's criminal appeal still is pending with the Fourth Circuit Court of Appeals under case number 09-4052. Indeed, on October 9, 2009, the Court of Appeals entered and Order "plac[ing] . . . [Petitioner's appeal] in abeyance pending the decision in <u>United States v. Hernandez</u>, No. 08-5057." (<u>See</u> 5:03CR50-1, document # 78). Furthermore, The undersigned's Law Clerk has conferred with the Case Manager who is managing Petitioner's appeal at the Fourth Circuit and has learned that neither the <u>Hernandez</u> case nor Petitioner's case yet has been scheduled for oral argument.

Based upon the foregoing, the Court finds that it is possible that the outcome of Petitioner's appeal -- which includes a claim which underlies one of Petitioner's collateral issues concerning the withdraw of his guilty plea -- could impact his decision to pursue collateral review and/or the claim(s) which he may choose to raise in a collateral proceeding.  See McIver v. United States, 307 F.3d 1327, 1327-28 (11th Cir. 2002) ( noting that "collateral claims should not be entertained while a direct appeal is pending" because the petitioner may obtain on direct review relief of a nature which renders moot the issues that he also is raising on collateral review.).  Moreover, the Court finds that Petitioner, in any event, is not entitled to proceed on appeal while pursuing the instant collateral challenges.  Therefore, this Motion to Vacate must be dismissed without prejudice.  See Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968) (finding that the orderly administration of criminal law precludes considering a motion under §2255 while a direct appeal is pending, absent extraordinary circumstances to warrant the simultaneous consideration); and Rules Governing Section 2255 Proceedings, Rule 5, advisory committee note stating that courts have held that motions to vacate are "inappropriate if the movant is simultaneously appealing the decision."

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  The instant Motion to Vacate is **DISMISSED without prejudice** as premature; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: December 10, 2009

Richard L. Voorhees
United States District Judge